# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

\*\*\*

| | |
|---|---|
| RONALD S. RICHERSON, | |
| Plaintiff, | 2:20-cv-00408-VCF |
| vs. | |
| ANDREW SAUL, Commissioner of Social Security, | **ORDER** |
| Defendant. | |

This matter involves Plaintiff Ronald S. Richerson's appeal from the Commissioner's final decision denying his social security benefits. Before the Court is Richerson's Motion for Reversal or Remand (ECF No. 19) and the Commissioner of Social Security's Motion to Affirm (ECF No. 22). For the reasons stated below the Court recommends granting Richerson's motion to reverse or remand and denying the Commissioner's motion to affirm.

## STANDARD OF REVIEW

The Fifth Amendment prohibits the government from depriving persons of property without due process of law. U.S. CONST. amend. V. Social security claimants have a constitutionally protected property interest in social security benefits. *Mathews v. Eldridge*, 424 U.S. 319, 332 (1976). 42 U.S.C. § 405(g) authorizes the district court to review final decisions made by the Commissioner of Social Security.

The district court will not disturb an Administrative Law Judge's ("ALJ") denial of benefits unless "it is not supported by substantial evidence or it is based on legal error." *Burch v. Barnhart*, 400 F.3d 676,

679 (9th Cir. 2005) (internal quotation omitted). When reviewing an ALJ's decision, "the findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive."

42 U.S.C. § 405(g). Substantial evidence means, "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion" and is defined as "more than a mere scintilla but less than a preponderance" of evidence. *Gutierrez v. Comm'r of Soc. Sec.*, 740 F.3d 519, 522 (9th Cir. 2014) (internal quotation omitted).

If the evidence could give rise to multiple rational interpretations, the court must uphold the ALJ's conclusion. *Burch*, 400 F.3d at 679. This means that the Court will uphold the Commissioner's decision if it has any support in the record. *See, e.g.*, *Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1988) (stating that the court may not reweigh evidence, try the case *de novo*, or overturn the Commissioner's decision "even if the evidence preponderates against" it).

**DISCUSSION**

**I.      Factual Background**

The ALJ applied the five step sequential analysis pursuant to 20 C.F.R § 404.1520. The ALJ determined that Richerson suffered from a severe combination of impairments including degenerative disc disease of the cervical spine status post surgical treatment, degenerative disc disease of the lumbar spine, bilateral osteoarthritis of the shoulders, bursitis at the right shoulder, dissociative identity disorder, and posttraumatic stress disorder. (AR 18).[1] The ALJ examined relevant medical evidence including opinions and reports of a treating physician Ronald Jay Kohn, M.D., state agency examiner L.D. Larson, Ph.D., state agency consultant Chris Nurre, M.D., at the request of the agency, David Mumford, M.D., and records of medical treatment. (AR 15 - 26). The ALJ found that Plaintiff Richerson did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed

---

[1] AR signifies a citation to the administrative record.

impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526). (AR 25 - 26).

The ALJ found that Richerson had the residual functional capacity to perform the full range of medium work as defined in 20 CFR 404.1567(c) except he is limited to frequently climbing of ladders, ropes, and scaffolds. The ALJ found that (1) Plaintiff is limited to concentration, persistence, and pace to complete simple and some detailed tasks in a well-spaced work setting, (2) plaintiff is able to interact appropriately with the public and coworkers, (3) Plaintiff is able to respond appropriately to tactful feedback and supervision, and (4) Plaintiff is able to adapt to gradual changes in the work setting. The ALJ denied his social security benefits. (AR 25 - 26).

Plaintiff challenges the ALJ's ruling based on, (1) the ALJ's adoption of the non-examining physician's opinion over the treating physician's assessment, and (2) the ALJ's failure to adopt or reject limitations offered by the medical sources, (3) ignored the opinion of a treating therapist, and (4) rejected the opinion of an examining psychologist and treating therapist in the absence of contradictory medical evidence.

The Commission argues that the ALJ properly weighed the medical evidence, including evidence that Richerson is not disabled.

**Discounting the Treating Physician's Opinion**

A treating physician's medical opinion as to the nature and severity of an individual's impairment is entitled to controlling weight when that opinion is well-supported and not inconsistent with other substantial evidence in the record. *Edlund v. Massanari*, 253 F.3d 1152, 1157 (9th Cir. 2001). "The rationale for giving the treating physician's opinion special weight is that he is employed to cure and has a greater opportunity to know and observe the patient as an individual." *McAllister v. Sullivan*, 888 F.2d 599, 602 (9th Cir. 1989).

However, the ALJ does not need to automatically accept a treating physician's opinion. If an ALJ opts to not give a treating physician's opinion controlling weight, the ALJ must apply the factors set out in 20 C.F.R. § 404.1527(c)(2)(i)-(ii) and (c)(3)-(6) in determining how much weight to give the opinion, including supportability and consistency with the medical record as a whole. When evidence in the record contradicts the opinion of a treating physician, the ALJ must present "specific and legitimate reasons" for discounting the treating physician's opinion, supported by substantial evidence. *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1228 (9th Cir. 2009). Opinions of non-treating or non-examining physicians constitute substantial evidence "when the opinions are consistent with independent clinical findings or other evidence in the record." *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002). The ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings. *Id.*

Here, the ALJ considered but did not give significant weight to treating physician Kohn. Plaintiff states that the ALJ erred in giving the greatest weight to the opinion of a state agency reviewing physician, Dr. Nurre, who reviewed only a very small segment of the medical records and did not review Mr. Richerson's cervical spinal surgery in September 2017. Plaintiff states that the ALJ erred in rejecting the opinion of a treating primary care physician, Dr. Ronald Jay Kohn, who based his findings on the entirety of the medical evidence. (ECF NO. 19).

Dr. Nurre reviewed medical records only through December 2016 (AR 252). Dr. Nurre stated that his opinion was based upon the available medical records, which at the time showed moderate degenerative joint disease of the cervical spine and bilateral shoulder arthritis with "nearly [full range of motion] of neck and shoulders, with [upper extremity sensation] intact" (AR 252).

The Commissioner argues that Plaintiff failed to prove legal error with the ALJ's evaluation of the medical opinion evidence and that the ALJ properly weighed the medical opinion evidence and the RFC reasonably accounts for Plaintiff's physical impairments. (ECF NO. 22 at 10-16). The Commissioner

argues that there was a permissible reason for the ALJ to give less weight to Dr. Kohn's opinion. *See Thomas*, 278 F.3d at 957 (ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is inadequately supported by clinical findings); cf. 20 C.F.R. § 404.1527(c)(3) ("The more a medical source presents relevant evidence to support an opinion, particularly medical signs and laboratory findings, the more weight we will give that opinion"); 20 C.F.R. § 404.1527(c)(4) ("Generally, the more consistent an opinion is with the record as a whole, the more weight we will give to that opinion").

The court finds that the ALJ erred in failing to develop a record to support rejection of the treating physician's opinion.

Records from Nevada Spine Clinic post-dating Dr. Nurre's review showed positive facet loading signs of the cervical spine; myospasms in the paracervical region; positive impingement signs of the right shoulder; and discomfort to palpation of the acromioclavicular joint (AR 786). Range of motion of the head was limited to 60% (AR 787). Mr. Richerson had a positive Spurling sign of the right shoulder (Tr. 787). By June 2017, Mr. Richerson had positive Spurling's signs bilaterally (AR 778, 783, 785). In July 2017, he had "sensory deficit throughout the hands and forearms bilaterally with alternation, reduction in light touch sensation in bilateral upper extremities" (AR 778). Dr. Nurre did not review any of these records (AR 239-45, 776-90). Mr. Richerson required cervical spinal surgery in September 2017 (AR 667-91). Dr. Nurre did not review any records related to Mr. Richerson's cervical surgery and his recovery (AR 239-45, 667-91). The medical evidence related to Mr. Richerson's shoulder impairment continued to develop after his cervical surgery. In September 2018, an MRI of the right shoulder showed possible rotator cuff tears (AR 759). He was unable to perform a full Hawkins O'Brien's (AR 761). Dr. Nurre did not review this evidence (AR 239-45, 759-62) because he did not review any medical records after December 2016.

Pursuant to 20 C.F.R. § 404.1527 (c)(1), generally, the longer a treating source has treated the patient and the more times the patient have been seen by a treating source, more weight will be given to the source's medical opinion. If the treating source has seen the patient several times and long enough to have obtained a longitudinal picture of that patient's impairment, that medical source's medical opinion will be given more weight than if it were from a nontreating source.

The ALJ failed to give specific and legitimate reasons supported by substantial evidence in the record for giving less weight to Dr. Kohn. *See Chater*, 81 F.3d 821, 830 (9th Cir. 1995). The ALJ gave more weight to Dr. Nurre, who only reviewed limited medical records and did not review almost two years of records. (AR 21). Dr. Kohn, the treating physician, reviewed Richerson's entire medical records and medical history. (AR 1033).

An ALJ must provide specific and legitimate reasons based on substantial evidence in the record for rejecting an examining physician's opinion that is contradicted by another doctor. *Lester*, 81 F.3d at 830–31. The ALJ states that Richerson is unable to perform any past relevant work (20 CFR 404.1565). (AR 24). Richerson has past relevant work as an insurance customer service representative (DOT#259.362-010). As required by SSR 82-62, this work was substantial gainful activity, was performed long enough for the Richerson to achieve average performance, and was performed within the relevant period. The vocational expert testified that the demands of Richerson's past relevant work exceeds his residual functional capacity. The vocational expert found that Richerson is unable to perform past relevant work as actually or generally performed. *Id.* The ALJ found that Richerson had the residual functional capacity to perform the full range of medium work with additional limitations. The vocational expert states that an individual with Richerson's residual functional capacity would be able to perform the requirements of representative occupations such as laundry worker, scrap sorter, and package hand. (AR 25).

The ALJ erred by not stating specific and legitimate reasons for rejecting treating physician Kohn's opinion; thus, this error negatively affected Richerson's residual functional capacity.

ACCORDINGLY,

IT IS HEREBY ORDERED that Plaintiff Richerson's Motion to Remand (ECF NO. 19) is GRANTED and Defendant's Motion to Affirm (ECF NO. 22) is DENIED.  This action is REMANDED to the administrative law judge for further proceedings.

The Clerk of Court is directed to enter final judgment in favor of Plaintiff and against the Defendant, reversing the final decision of the Commissioner.

DATED this 23rd day of December, 2020.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE